**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KENT JAY GOLDY,

        Petitioner,                                      Case Number: 06-CV-10546

v.                                                      HONORABLE ARTHUR J. TARNOW

ERICA TIERNEY, ET AL.,

        Respondent.
_____/

## OPINION AND ORDER GRANTING AND SCHEDULING EVIDENTIARY HEARING

Petitioner Kent Jay Goldy has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is serving a five-year term of probation, challenges two-firearms related convictions on the ground that he received ineffective assistance of counsel. Having reviewed the pleadings, the Court grants an evidentiary hearing on Petitioner's ineffective assistance of counsel claim.

### I. Background

Petitioner's convictions arise from events that occurred on the morning of July 23, 2001, in the city of Farmington Hills, Michigan, at Petitioner's then-employer, Mahle Technologies (Mahle). Michele Moehle testified that she worked in Mahle's human resources department during the relevant time period. Prior to the morning of July 23, 2001, a representative from Mahle contacted the Farmington Hills Police Department because Mahle planned to terminate Petitioner's employment and desired police presence when the news was delivered to Petitioner.

Farmington Hills Police Detective David Loe testified that he responded to Mahle's request for a police presence at the termination of Petitioner's employment. Detective Loe

arrived at Mahle's offices on the morning of July 23, 2001. He joined Petitioner in a conference room and inquired whether Petitioner had any weapons on him. Petitioner said he did not, which Detective Loe and his partner confirmed. Petitioner stated that he had a gun in his vehicle, which he was taking in for repairs. Detective Loe testified that he received permission to go through Petitioner's vehicle. In the trunk, Detective Loe found a .45 caliber semi-automatic pistol with a loaded magazine, but no shell in the chamber.

Detective Loe testified that he inquired whether Petitioner had any weapons in his home. Petitioner replied that he did. Petitioner gave Detective Loe permission to search his home. Detective Loe found a "Tech .22" pistol in Petitioner's home and a device fastened to the barrel, which Detective Loe characterized as a silencer. Petitioner informed Detective Loe that it was a barrel extender, not a silencer.

Alfred Houde testified as a firearms expert for the prosecution. He testified that the device on the Tech .22 pistol was a silencer, not a barrel extender. Houde testified that he measured the decibel level of the pistol with and without the extension device. With the device, the average decibel report was 115.8; without the device, the average report was 164.6 decibels.

The defense presented two expert witnesses to support the defense theory that the device on the Tech .22 pistol was a barrel extender (used for improved accuracy), not a silencer. Steven Beane testified as an expert in the measurement of sound. He testified that, properly calibrated, the sound measuring device used by Houde would not measure sound levels greater than 140 decibels, or 153 decibels if an "attenuator" were used. Beane did not explain an attenuator's function or whether it was used in Houde's testing.

David Townshend testified as a firearms expert. He testified that he did not understand how the measuring device used by Houde could register a reading of 164 decibels since the device only measures up to 150 decibels. He testified that he test-fired the pistol with and without the device. Without the device, the sound levels were in the mid-120 decibels range. With the device, the measurement was around 115 decibels. David Townshend also testified that it is a basic rule of law enforcement that any evidence should be photographed as it was found. The police photograph of Petitioner's pistol showed that the magazine was not in the gun.

The defense also presented witnesses to support the defense theory that the gun was in the trunk of Petitioner's vehicle for the lawful purpose of transporting it to a gun repair shop. Christopher Jones testified that he and Petitioner were target shooting the Friday preceding Petitioner's arrest (which occurred on a Monday) and that Petitioner's pistol was not working properly. Jones suggested a gun repair shop to which Petitioner could take the gun. He observed Petitioner place the unloaded pistol into a case and into the trunk of Petitioner's vehicle.

Petitioner did not testify in his own defense.

## II. Procedural History

Following a jury trial in Macomb County Circuit Court, Petitioner was convicted of carrying a concealed weapon in a vehicle, Mich. Comp. Laws § 750.227(2), and possessing a prohibited weapon (muffler or silencer). Petitioner was sentenced to five years probation.

Petitioner filed a motion for new trial and evidentiary hearing on the ground that his trial attorney was ineffective. The trial court held that an evidentiary hearing was not necessary

because even assuming the truth of Petitioner's allegations he could not establish that he was prejudiced by his attorney's representation. The trial court denied the motion for new trial and evidentiary hearing.

Petitioner filed an appeal of right in the Michigan Court of Appeals presenting the following claims:

> I. Whether defendant was denied the effective assistance of counsel and the trial court erred in rejecting his claim to that effect without holding the evidentiary hearing which he requested?
>
> II. Whether the trial court's instruction adequately presented the jury with the elements of the offense of unlawful possession of a silencer, so that defendant's conviction of that offense was therefore a violation of his Fifth and Sixth Amendment rights?

The Michigan Court of Appeals affirmed his convictions. People v. Goldy, No. 246501, 2004 WL 1392404 (Mich. Ct. App. June 22, 2004).

Petitioner sought leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. People v. Goldy, 472 Mich. 877 (Mich. March 29, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus presenting the following claim for relief:

> Petitioner was denied the effective assistance of counsel, and a fair hearing on his Sixth Amendment claims by the Michigan courts' failure to grant him the evidentiary hearing which he requested.

Respondent has filed an answer to the petition, arguing that it should be denied for lack of merit.

### III. Discussion

On habeas review, a federal court must presume that all determinations of factual issues

made by the state court are correct. 28 U.S.C. § 2254(c)(1). A federal court may not conduct an evidentiary hearing where the petitioner has failed to develop the factual record in state court, except under limited circumstances, including where the petitioner diligently attempted to develop the factual basis, but was unable to do so. Williams v. Taylor, 529 U.S. 420, 437 (2000). "Diligence . . . depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." Id. at 435. A district court should grant an evidentiary hearing only if the facts underlying the claim, if true, would establish a constitutional error. Sawyer v. Hofbauer, 299 F.3d 605, 610 (6th Cir. 2002).

Petitioner was diligent in his attempt to develop the factual record for his ineffective assistance of counsel claim. He sought an evidentiary hearing on this claim in the trial court following his conviction. His request for a hearing was denied. He then filed an appeal of right in the Michigan Court of Appeals in which he argued that the trial court erred in denying his motion for an evidentiary hearing. Petitioner provided the state courts "the first opportunity to review this claim and provide any necessary relief." O'Sullivan v. Boerckel, 526 U.S. 838 (1999). "[C]omity is not served by" foreclosing an evidentiary hearing in federal court where a petitioner "was unable to develop his claim in state court despite diligent effort." Williams, 529 U.S. at 437. The Court concludes that Petitioner diligently sought to develop the factual record for this claim in state court.

Second, Petitioner presents claims which, if substantiated in an evidentiary hearing, may raise questions about the adequacy of counsel's representation. The Court cannot decide, before reviewing testimony adduced at an evidentiary hearing whether counsel's decisions were the

5

result of reasonable trial strategy. The allegations contained in the petition raise the possibility of a constitutional violation. Therefore, the Court finds that an evidentiary hearing is warranted.

## IV. Conclusion

The Court has concluded that Petitioner was diligent in his attempt to develop the factual record in state court and that his factual allegations, if correct, may establish a constitutional violation. Thus, Petitioner has satisfied the prerequisites for an evidentiary hearing.

Accordingly, IT IS ORDERED that an evidentiary hearing shall be conducted in this matter on **January 24, 2008 at 10:00 a.m.**

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: November 15, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 15, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary